NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YICHUN WANG,<br><br>                    Petitioner,<br><br>     v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>                    Respondent. | No.    15-70156<br><br>Agency No. A205-180-615<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2018
Pasadena, California

Before:  GOULD, PARKER,[**] and MURGUIA, Circuit Judges.

Yichun Wang, a Chinese national, petitions for review of a final order issued

by the Board of Immigration Appeals ("BIA") denying Wang's application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT") based on the BIA's finding that Wang's testimony was not credible.

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's

adverse credibility determination for substantial evidence. *Shrestha v. Holder*, 590

F.3d 1034, 1039 (9th Cir. 2010). We grant Wang's petition in part and remand to

the BIA for further proceedings on Wang's asylum claim.[1]

1.      The BIA's first reason for the adverse credibility determination—that

Wang omitted a description of his physical state after the second beating from his

written declaration—is a "mere omission" with little probative value. *See Lai v.*

*Holder*, 773 F.3d 966, 971 (9th Cir. 2014) ("In general, . . . omissions are less

probative of credibility than inconsistencies created by direct contradictions in

evidence and testimony. It is well established that the mere omission of details is

insufficient to uphold an adverse credibility finding.") (internal quotation marks

and citation omitted); *Bandari v. I.N.S.*, 227 F.3d 1160, 1166–67 (9th Cir. 2000)

(holding that the petitioner's omission of the fact that he was beaten with a rubber

hose was insufficient to discredit his testimony because his application stated that

he was beaten and whipped, and merely omitted the specific instrument used).

And the inconsistency in Wang's testimony regarding whether he lost

---

[1] We deny the petition with respect to Wang's claims for withholding of removal and CAT relief because Wang did not raise any arguments regarding these claims in his opening brief. *See* Fed. R. App. P. 28(a)(8)(A); *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) ("[B]ecause [the petitioner] did not raise his withholding-of-removal and CAT claim in his opening brief, we deem those issues waived.").

consciousness or only partially lost consciousness after the second beating is trivial in light of the totality of Wang's testimony and other evidence. *See Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) ("[T]rivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis of an adverse credibility determination.") (internal quotation marks and citation omitted); *Shrestha*, 590 F.3d at 1044–45 (Substantial-evidence review must "take into account the totality of circumstances, and should recognize that the normal limits of human understanding and memory may make some inconsistencies or lack of recall present in any witness's case.").

2.      The BIA's second reason for the adverse credibility determination— that the letters from Wang's father and grandmother did not mention two facts that the immigration judge ("IJ") found to be important—cannot constitute substantial evidence supporting the adverse credibility determination because the IJ never gave Wang an opportunity to submit evidence corroborating the two facts. *See Lai*, 773 F.3d at 975–76 (The "IJ erred because she did not provide notice to [the petitioner] that he was required to present the corroborative evidence she referred to in her decision. Nor did the IJ give [the petitioner] an opportunity [either to produce the evidence or] to explain why such evidence might be unavailable.") (internal quotation marks and citations omitted); *Zhi v. Holder*, 751 F.3d 1088, 1094 (9th Cir. 2014) ("[T]he IJ must provide an otherwise credible applicant with

3

notice and an opportunity to either produce the evidence or explain why it is unavailable.") (internal quotation marks and citation omitted). Accordingly, the BIA's adverse credibility determination is not supported by substantial evidence, and we must accept Wang's testimony as true. *See Lai*, 773 F.3d at 976.

3.     We decline to decide whether, accepting Wang's testimony as true, Wang qualifies for asylum, because the BIA has yet to address this question. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (holding that when the BIA has expressly declined to reach an issue, this Court should remand to allow the BIA to consider the issue in the first instance).

Petition **GRANTED** in part; case **REMANDED** for further proceedings.